IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**A.D. SMITH, et al.**                                                                                            **PLAINTIFFS**

vs.

**BOARD OF EDUCATION OF THE
PALESTINE-WHEATLEY SCHOOL DISTRICT,
ET AL.**                                                                                                                 **DEFENDANTS**

*BRIEF IN SUPPORT OF RESPONSE TO PETITION FOR MODIFICATION AND FOR OTHER RELIEF*

I.   Preliminary Statement

Plaintiffs request that the Court deny Defendants' Petition for Modification of the current Desegregation Plan concerning the Palestine-Wheatley School District because it is unsupported by any evidence justifying any modification. Moreover, Plaintiffs move that the Court grant a preliminary injunction against Defendants from removing Dorothy Smith, one of the original Plaintiffs, from the school board.

II.   Argument

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, a party may request a preliminary injunction against another party's attempt to harm him or her. When determining whether to issue a preliminary injunction, a court must consider the following factors: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest." (citation omitted). *Emerson Elec. Co. v. Rogers,* 418 F.3d 841, 844 (8th Cir. 2005).

There is a high likelihood that Dorothy Smith will succeed on the merits regarding the issue of her removal from the school board. There is an Arkansas law that provides a mechanism for removing a school board member:

> (d)(1) Any member of the board who misses three (3) regular and consecutive board meetings during a school year for any reason other than military service of the member or illness of the member verified by a written sworn statement of the member's attending physician may be removed from office by a majority vote of the remaining board members, but only after an opportunity for a hearing before the board upon fifteen (15) days notice received by personal delivery or by certified mail with the return receipt signed by the addressee only requested.

Ark. Code Ann. § 6-13-619 (1999). Smith did miss the regularly scheduled board meetings held during November 2005, December 2005, and January 2006. Her absence from these three meetings was due to illness. She provided a signed statement from her attending physician to Superintendent John Manning on January 27, 2006. She appeared at the next school board meeting held during February 2006. On March 6, 2006, during a special session and without notice to Smith, the school board voted to remove her from her position as a board member. Smith never did receive the statutorily-required notice of a hearing through either personal delivery or certified mail with the return receipt signed by the addressee only requested. *See Affidavit of Dorothy Smith*. Because the school board did not follow the statute correctly, any such removal is void. Therefore, Smith is likely to succeed on the merits on this issue.

Smith is threatened with irreparable harm because she would not be able to cast votes and represent her constituents at the upcoming board meeting to be held on March 20, 2006. Once those votes are taken, Smith can never give voice to her constituents on those issues. By comparison,

there is no injury that an injunction could possibly inflict upon Defendants. Defendants would not be injured if Smith remained on the board and carried out the duties expected by her constituents.

The issuance of a preliminary injunction would be in the public interest in this instance. Smith, one of only two African-American board members, represents Zone 1, which is predominately African-American. If she is removed from the board, then these citizens would lose their elected representative on the board, which is currently under a desegregation plan. Furthermore, the injunction would prevent a violation of Section 2 of the Voting Rights Act of 1865.

In sum, the Court should grant Smith's request for a preliminary injunction.

## III. Conclusion

For the foregoing reasons, the Court should deny Defendants' Petition for Modification, grant a preliminary injunction against Defendant, and give all other appropriate relief.

Respectfully submitted,

/s/John W. Walker
John W. Walker, AR Bar No. 64046
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187 (Fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of March, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which shall send notification to Mr. W. Frank Morledge, 205 North Washington, P.O. Box 912, Forrest City, Arkansas 72336-0912.

      /s/John W. Walker