# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

A.D. SMITH, et al.                                                                                         PLAINTIFFS

vs.                              Case No. HC-89-36 SWW

**BOARD OF EDUCATION OF THE**
**PALESTINE-WHEATLEY SCHOOL DISTRICT,**
**ET AL.**                                                                                                      DEFENDANTS

## *MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO GRANT INJUNCTION PENDING APPEAL*

Plaintiffs move that the Court either reconsider its judgment regarding Dorothy Smith's Motion for Preliminary Injunction or, in the alternative, grant the injunction pending appeal, and in support state the following:

1.  On March 10, 2006, Dorothy Smith, a member of the Board of Education of the Palestine-Wheatley School District ("the Board"), moved that the Court enjoin the Board from removing her from her duly-elected position.

2.  During a hearing held on March 15, 2006, Plaintiffs showed that Defendants had failed to give her proper notice under Arkansas law. *See* Ark. Code Ann. § 6-13-619(d)(1) (1999). The Court found that Defendants, by giving Smith's husband a copy of the notice of removal, had not served Smith through personal delivery as the statute required. Plaintiffs proved that Defendants had also not served Smith via restricted delivery to the addressee only as also required by law. However, the Court found that Smith had avoided receiving the notice through certified mail and denied relief to her by invoking the "unclean hands " doctrine. The Court also denied injunctive relief to Plaintiffs because Smith had submitted a physician's statement excusing her from only of

the three consecutive board meetings that she had missed due to illness.

3. The Court should reverse its ruling and grant a preliminary injunction against Defendants because the relevant Arkansas statute should be strictly construed. *See Edmondson v. G. L. Faris*, 263 Ark. 505, 508 (1978) ("Statutory service requirements, being in derogation of common law rights, must be strictly construed and exactly complied with.")  The evidence clearly shows that (1) there was no personal delivery upon Dorothy Smith and (2) written notice affording her an opportunity for a hearing was not sent through certified mail specifying that Smith, the addressee, sign only.   the present case, the service requirements of the provision are plain and unambiguous. All of the service requirements are directed at the Board only.   The Court cannot excuse Defendants from complying with the service requirements by examining legislative intent regarding the duties of persons served via certified mail. *See Cave City Nursing Home, Inc.*, *v. Arkansas Department of Human Services*, 351 Ark. 13, 14 (2002) ("Simply stated, where the meaning of an act is clear and unambiguous, this court is primarily concerned with what the document says, rather than what its drafters may have intended.")

4. Because the Court found that Plaintiff would be irreparably harmed and John Manning, the Superintendent of Palestine-Wheatley School District, testified that there would be no harm to the school district if Smith remained on the Board, Smith meets all the requirements for a preliminary injunction. *See Emerson Elec. Co. v. Rogers,* 418 F.3d 841, 844 (8th Cir. 2005).

5. If the Court grants the preliminary injunction, then Smith will have time to produce a sworn written statement from her attending physician for any of the months that she missed.

6. In the alternative, and pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, Plaintiffs move that the Court grant the requested injunction pending appeal to Court of Appeals for

the Eighth Circuit.

WHEREFORE, Plaintiffs respectfully move that the Court reconsider its judgment and grant a preliminary injunction, or in the alternative, grant the injunction pending appeal, and all other appropriate relief.

Respectfully submitted,

/s/Shawn G. Childs
John W. Walker, AR Bar No. 64046
Shawn G. Childs, AR Bar No. 99058
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which shall send notification to:

    W. Frank Morledge
    205 North Washington
    P.O. Box 912
    Forrest City, Arkansas 72336-0912

    W. Paul Blume
    Attorney at Law
    808 Martin Luther King Drive
    Little Rock, AR 72202-3631
    (501) 375-7922

/s/Shawn G. Childs