IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**A.D. SMITH, et al.**                                                                                   **PLAINTIFFS**

vs.                             **Case No. HC-89-36 SWW**

**BOARD OF EDUCATION OF THE**
**PALESTINE-WHEATLEY SCHOOL DISTRICT,**
**ET AL.**                                                                                                 **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO GRANT INJUNCTION PENDING APPEAL**

I.   Preliminary Statement

On March 10, 2006, Plaintiff Dorothy Smith filed a Motion for Preliminary Injunction that would prevent the Board of Education of the Palestine-Wheatley School District ("the Board") from removing her from the Board before the next scheduled regular board meeting to occur on March 20, 2006.  On March 15, after both parties presented evidence at a hearing, the Court denied Plaintiff's motion because the Court found that Plaintiff attempted to avoid service by certified mail and did not have a physician's statement excusing her from all three of the consecutive board meetings that she had missed.  Smith asks the Court to reconsider its ruling because Arkansas law requires that the statutory service requirements be strictly construed.  In the alternative, Smith requests that the Court grant an injunction preventing her removal from the Board pending appeal to the Court of Appeals for the Eighth Circuit.

II.  Argument

The Supreme Court of Arkansas has declared that service requirements in statutes, such as the one providing for the removal of a school board member by a school board (Ark. Code Ann. §

1

6-13-619 (1999)), must be strictly construed. *See Edmondson v. G. L. Faris*, 263 Ark. 505, 508 (1978) ("Statutory service requirements, being in derogation of common law rights, must be strictly construed and exactly complied with.")  The removal statute provides:

> (d)(1) Any member of the board who misses three (3) regular and consecutive board meetings during a school year for any reason other than military service of the member or illness of the member verified by a written sworn statement of the member's attending physician may be removed from office by a majority vote of the remaining board members, but only after an opportunity for a hearing before the board upon fifteen (15) days notice received by personal delivery or by certified mail with the return receipt signed by the addressee only requested.

Ark. Code Ann. § 6-13-619(d)(1) (1999).   The statutory service requirements in this provision are plain and unambiguous and legislative intent cannot be used to alter their meaning. *See Cave City Nursing Home, Inc.*, *v. Arkansas Department of Human Services*, 351 Ark. 13, 14 (2002)  In the present case, the Board alone must satisfy service requirements.  The Court found that Smith did not receive notice of a hearing on her removal from office by personal delivery.  In addition, Smith proved during the hearing that although the Board sent her notice by certified mail with a return receipt, the return receipt did not request it to be signed by the addressee only.    Therefore, the action taken by the Board to remove Smith is void and Smith is likely to be successful on the merits of her claim at trial.

Because the Court found that Plaintiff would be irreparably harmed and John Manning, the Superintendent of Palestine-Wheatley School District, testified that there would be no harm to the school district if Smith remained on the Board, Smith meets all the requirements for a preliminary injunction. *See Emerson Elec. Co. v. Rogers,* 418 F.3d 841, 844 (8th Cir. 2005).

Furthermore, if the Court grants a preliminary injunction, then Smith will have the opportunity, as afforded by the statute, to present a statement to the Board from her attending physicians excusing her absences from each of the three consecutive board meetings.

In the alternative, Plaintiff moves that the Court grant an injunction against Defendants pending appeal, which would allow Smith to remain on the Board.  *See* FRCP 62(c).

### III. Conclusion

Because Defendants failed to comply strictly with the statutory service requirements of Ark. Code, Ann. § 6-13-619(d)(1), Smith is likely to succeed on the merits of her claim at trial and otherwise satisfies the other prerequisites for a preliminary injunction.  In the alternative, the Court should grant an injunction under FRCP 62(a) pending appeal of its ruling to the Eighth Circuit.

Respectfully submitted,


/s/Shawn G. Childs
John W. Walker, AR Bar No. 64046
Shawn G. Childs, AR Bar No. 99058
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187


**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which shall send notification to:

W. Frank Morledge
205 North Washington
P.O. Box 912

      Forrest City, Arkansas 72336-0912

      W. Paul Blume
      Attorney at Law
      808 Martin Luther King Drive
      Little Rock, AR 72202-3631
      (501) 375-7922


                /s/Shawn G. Childs