*Sw*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 15 2006

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION

A.D. SMITH, *et al.*                                             **PLAINTIFFS**

vs.                                  **No. 2: 89CV 0036**

**PALESTINE-WHEATLEY SCHOOL DISTRICT,** *et al.*              **DEFENDANTS**


## DEFENDANTS' BRIEF IN SUPPORT OF
## RESPONSE TO PETITION FOR ATTORNEY'S FEES


The Plaintiffs seek attorney's fees, fees for a paralegal and costs. They have not supported those requests with adequate affidavits with respect to the hourly rate sought; the hours are excessive and duplicative; the request for costs is improper; and there is no provision in the fee-shifting statute which would justify any award for the work of anyone other than an attorney. As a result, the Defendants respectfully request that the amount requested by the Plaintiffs be significantly reduced or rejected altogether.

## I.

## HOURLY RATE

The Plaintiffs request an hourly rate of $375.00 per hour for the work of attorney John Walker and an hourly rate of $85.00 per hour for paralegal Joy Springer.

The rate requested by Mr. Walker is an amount outside the range of normal hourly rates for attorneys in this market, whether in eastern Arkansas where this case arose, or for the entire state of Arkansas.

Mr. Walker's request for an hourly rate is supported by an affidavit which states that he has

been awarded an hourly rate by Hon. Jimm L. Hendren in the amount of $325.00 for work performed in 2004 and 2005. He then states that "My present hourly rate is $375.00 per hour." He makes no assertion that anyone would have paid him that amount based on market rates, nor does he assert that any willing client has so paid him. In addition, he does not assert that the amounts he claims are justified in the market rates payable in the eastern portion of the state where this claim arose.

Since *Blum vs. Stenson*, the Supreme Court has held that hourly rates for attorneys are to be based on prevailing market rates in the relevant community. No one denies that Mr. Walker is an excellent attorney, but he does not establish his own market. That is, there is not contemplated under 42 U.S.C. §1988 that there will be an hourly rate set for Mr. Walker and a different rate for the rest of the legal community. That, however, is what he seeks.

In addition to the affidavit supplied by Mr. Walker, the Plaintiffs have presented an affidavit by Mr. Morgan Welch, another Little Rock attorney. Mr. Welch, in an affidavit which should be based on fact and not surmise, states that "*It is my belief* that comparative counsel to Mr. Walker charge legal fees which range between $250.00 and $500.00 per hour for their work." (Emphasis supplied). He then goes on to assert that, with respect to the request herein for a rate of $375.00 per hour, "*I believe this amount to be reasonable* in the market in which Mr. Walker practices." (Emphasis supplied). In short, there is no justification for the rate claimed by Mr. Walker. The fact that another Court has awarded Mr. Walker a particular hourly rate does not create the market for attorneys' fee rates, especially in light of the following: The Defendants' attorneys have provided affidavits attached to this Brief which state that they are paid by willing clients the amounts of $125.00 and $150.00 per hour for Mr. Blume; and $175.00 per hour for Mr. Morledge. That is a true statement of the market rate in the state, and particularly in eastern Arkansas; and the Supreme Court

and the Eighth Circuit have stated clearly that there is to be no enhancement of a market rate in awarding attorneys' fees. *City of Burlington vs. Dague*, 505 U.S. 557, 112 S.Ct. 2638 (1992). <u>See also</u>, *Madison vs. IBP, Inc.* 149 F.Supp. 730 (S.D. Iowa 1999), affirmed in part, vacated in part (on other grounds), 257 F.3d 780 (8th Cir. 2001), rehearing and rehearing denied, cert. granted, vacated, 536 U.S. 919, 122 S.Ct. 2583 ; on remand, 330 F.3d 1051 (8th Cir. 2003), rehearing. denied; *Forshee vs. Waterloo Industries, Inc.*, 178 F.3d 527, 532 (8th Cir. 1999); *Newhouse vs. McCormick and Company, Inc.*, 110 F.3d 635, 644 (8th Cir. 1997). The Court may take into consideration the ability and experience of the attorney, but there must be some realistic relationship to the relevant market rate or the holding in *City of Burlington vs. Dague, supra*, is being ignored. The relevant market in this case is eastern Arkansas, and the only market rate established for that area is contained in the affidavits of Mr. Morledge and Mr. Blume.

Despite the clear holdings of the courts, the Plaintiffs are asking this Court to enhance the fee award by attempting to have the Court ignore market rates and, therefore, the law. Regardless of whether the increase in the hourly rate is called an enhancement, a multiplier or simply is included as part of a fee request citing an unrealistic hourly rate, the effect is the same: to attempt to have the Court ignore the Supreme Court and the Eighth Circuit's prohibition on fee enhancements.

The Plaintiffs have not justified the request for a fee award of $375.00 per hour, or even near that rate. That Mr. Walker desires to be paid at that rate is understandable, but legally meaningless.

Ms. Springer has not explained or justified her requested hourly rate of $85.00 per hour, other than to state in her affidavit that "*I believe* that this rate is within the range charged by firms for persons of my training, experience and skills." (Emphasis supplied). Her beliefs in that regard are not facts on which this Court may base any hourly rate for her work.

## II.

### DUPLICATION OF TIME ENTRIES

The cryptic nature of the time entries for Mr. Walker and his paralegal, Ms. Joy Springer, makes an accurate analysis of the time entries for each of them, both individually and by comparison, difficult. However, there are time entries for Mr. Walker and Ms. Springer which appear to overlap. In addition, Ms. Springer is attempting to charge the Defendants for her time expended in preparing her fee statement.

Both Ms. Springer and Mr. Walker cite time spent in preparation time for depositions and the hearing. On June 9, 2006, Mr. Walker has a time entry which claims time spent for "Travel to and from Forrest City," as well as for "further preparation en route." It is unclear from that time entry whether he claims time both for traveling and for doing "further preparation" of an undisclosed nature. It must be presumed, therefore, that the claim for the travel time (which is not broken out from the other time claimed) and the time for "further preparation en route" are duplications. On that same date, Mr. Walker claims additional time (one hour) for deposition preparation, obtaining unidentified papers from the Arkansas Department of Education and a "discussion" with the Department's chief counsel, Mr. Scott Smith.

Ms. Springer's Time Statement is as cryptic ans Mr. Walker's. On June 9, 2006, she claims that she traveled to Forrest City "for depositions of superintendent and board members," without any explanation of her duties at those depositions, if any. She also claims time for "abstract of witness testimony," whatever that is, without any separation from other claimed time. Her time entries for June 10, June 15, June 16 and June 21 are equally vague, equally unexplained, so that neither the Defendants nor the Court may understand the necessity, if any, for such activities for which she

requests payment. As noted *supra*, Ms. Springer also claims time (.30 hours) for preparation of her Time Statement and affidavit. Fee statement preparation is not chargeable to a client. Hours not properly billed to a client are not properly billed to one's adversary. *Hensley vs. Eckerhart*, 461 U.S. 424 (1983); *Copeland vs. Marshall*, 641 F.2d 880 (D.C. Cir. 1980).

## III.

### COSTS

The Plaintiffs request the amount of $945.00 for "Deposition Costs." (Mr. Walker's Time Statement, p. 3). However, there is no justification for the request for payment for depositions, nor have the Plaintiffs attached a bill from the court reporter which would demonstrate that the court reporter actually charged that amount.

28 U.S.C. §1920 sets out those costs which properly may be taxed to the non-prevailing party. It does not include costs of depositions, at all. The courts have granted for deposition costs, but only under very limited circumstances. In *Madison vs. IBP, Inc.*, *supra*, the court noted that both the expense of taking and obtaining depositions for trial cannot be taxed as costs unless (1) the depositions were reasonable necessary for trial; and (2) the depositions were not solely for the purpose of discovery or investigation. In light of that, the cost of the deposition transcripts ($945.00), as well as the hours claimed by Mr. Walker and Ms. Springer for the taking of the depositions (including "preparation time") must not be allowed. The depositions were used minimally at the hearing, and their use was consistent with discovery only.

The fact that these hours and expenses are not justified, at all, by the Plaintiffs requires that those not be charged to the Defendants: The burden is on the petitioning Plaintiff to offer an explanation why the costs of depositions should be allowed under 28 U.S.C. §1920 and why the

deposition was necessarily obtained for use in the case. Upon the failure of the Plaintiff to make a showing of necessity, deposition costs must be disallowed. *S.G.C. vs. Penn-Charlotte Associates*, 116 F.R.D. 284 (W.D.N.C. 1987).

The Plaintiffs have not made even an attempt to meet the requirements of justifying the claim for the hours expended for taking depositions, nor the cost of the transcripts. As a result, that claim must be disallowed.

## IV.

## PARALEGAL TIME

The Plaintiffs seek an award of $2,822.00 for work claimed by the paralegal, Ms. Joy Springer. Ms. Springer is not an attorney.

The fee-shifting statute on which the Plaintiffs rely for their fee request is 42 U.S.C. §1988. That statute creates the ability, *i.e.*, grants district courts jurisdiction, to award attorney's fees to a prevailing party in cases involving statutes set out in subsection (b) of the statute. However, there is nothing in the statute which confers upon any court the ability to grant fee requests to other than attorneys.

The Defendants recognize that courts have granted fee requests which include claims for work done by other than attorneys, *i.e.*, paralegals. *Cunningham vs. Overland*, 804 F.2d 1066 (8th Cir. 1986); *Lilly vs. County of Orange*, 910 F.Supp. 945 (S.D.N.Y. 1996). However, that does not overcome the fact that, had Congress intended to compensate prevailing parties for such claims, it would have done so.

There is a provision in §1988 which allows for payment to a prevailing party for participation by a non-attorney. Specifically, subsection ( c) grants courts the discretion to compensate the

prevailing party for expert witness fees. The fact that the statute is silent with respect to payment for other non-attorney participants means that Congress did not grant the discretion to make an award to any other non-attorney.

In addition, due to the failure of the Plaintiffs to justify any hourly rate for Ms. Springer, there is no basis for any award based on her claim.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiffs' petition for fees and costs; or, in the alternative, that such amounts for which the Plaintiffs petition the Court be significantly reduced.

Respectfully submitted,

/s/ W. Frank Morledge
W. FRANK MORLEDGE     No. 72085
205 North Washington
P.O. Box 912
Forrest City, Arkansas 72336-0912
(870) 633-9531

and

W. PAUL BLUME          No. 79018
808 Martin Luther King Drive
Little Rock, Arkansas 72202
(501) 375-7922

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief was mailed to Mr. John W. Walker, 1723 Broadway, Little Rock, Arkansas 72206, this 15th day of August, 2006

W. PAUL BLUME

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**A.D. SMITH,** *et al.*                                                      **PLAINTIFFS**

**vs.**                                           **No. 2: 89CV 0036**

**PALESTINE-WHEATLEY SCHOOL DISTRICT,** *et al.*          **DEFENDANTS**

### AFFIDAVIT OF W. PAUL BLUME

Comes now the Affiant, W. Paul Blume, and, for his Affidavit in the above-styled and -
numbered case, states the following upon oath:

1. My name is W. Paul Blume, and I am one of the attorneys for the Defendants.

2. I received my law degree from the University of Arkansas at Little Rock and was admitted
to the bar of Arkansas in 1979. I am also licensed to practice in the Eastern and Western districts
of Arkansas; the United States Court of Appeals for the Eighth Circuit; and the United States
Supreme Court.

3. I am a member of the Counsel of School Attorneys of the National School Boards
Association; serve as General Counsel to the Arkansas School Boards Association. I publish a
column relating to school law in every issue of the publication of the Arkansas School Boards
Association and regularly speak to groups of school board members and administrators on school
law. I have spoken to national groups and have presented at CLE conferences relating to various
aspects of school law.

4. I served as a law clerk to Pulaski County circuit judges Floyd Lofton and Richard B.
Adkisson. I served as a law clerk to United States District Judge Elsijane T. Roy from 1979 to 1982.

I have been in the private practice of law since 1982, and my practice is limited to representation of school boards, school districts and, when there is no conflict between the interests of the school district and the employee, school administrators and other employees. I have served as General Counsel to the Arkansas School Boards Association since December of 1987.

5. My practice is primarily litigation. In both litigation and other types of practice, my hourly fee ranges from $100.00 per hour to $150.00 per hour. My current rate per hour for this matter is $150.00 per hour. During the hearing phase of this case, my hourly rate, chargeable to the Palestine-Wheatley School District, was $125.00 per hour. Those rates are charged to clients in all areas of Arkansas, and my practice covers the whole state.

FURTHER AFFIANT SAITH NOT.

W. PAUL BLUME

## ACKNOWLEDGMENT

Subscribed and sworn to before me this 15th day of August, 2006.

PAULETTE WALKER
Notary Public

My Commission Expires:

[seal]



## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT ARKANSAS
## EASTERN DIVISION

**A.D. SMITH, ET AL**                                              **PLAINTIFFS**

**VS.**                          **NO. HC-89-36**

**BOARD OF EDUCATION,**
**PALESTINE-WHEATLEY**
**SCHOOL DISTRICT, ET AL**                          **DEFENDANTS**

### <u>AFFIDAVIT OF W. FRANK MORLEDGE</u>

STATE OF ARKANSAS
COUNTY OF CROSS

On this day appeared before the undersigned Notary Public, within and for the

county and state aforesaid, and by law authorized to administer oaths, W. Frank

Morledge, to me well known, who being placed on oath by me, deposes and says:

I make this Affidavit for consideration by the Court with regard to the Petition for
Attorney's Fees filed by Plaintiffs' counsel herein. I graduated from the University of
Arkansas School of Law at Fayetteville in 1972, and was admitted to the Arkansas Bar by
the Supreme Court of Arkansas in August of 1972. I am also admitted to practice before
the Eastern and Western Districts of the District Courts of Arkansas, the 8th Circuit Court
of Appeals, and the United States Supreme Court. I have been rated A V by Martindale
Hubble for more than the last twenty (20) years, and am included in the Bar Register of
Preeminent Attorneys™.

I have been in private practice since my admission to the Bar and, for the last
twenty-five (25) years, have been a solo practitioner. My core practice is about twenty-
five (25) business clients whom I have represented for many, many years. I handle a
substantial amount of litigation, both civil and criminal, and have tried hundreds of cases
to verdict by jury or judgment by the court.

In the instant litigation, I charged the Palestine-Wheatley School District an hourly rate of $175.00. This is the rate which I normally charge this District for my services.

W. Frank Morledge

Subscribed and sworn to before the undersigned Notary Public this 15th day of August, 2006.

My Commission Expires:

1 - 13 · 16

Notary Public

ERICA BASKINS
NOTARY
PUBLIC
NO 12345684
CROSS COUNTY, AR

My Commission Expires Jan. 13, 2016